# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DALE LEROY JAMES, JR,

        Petitioner,

v.                           Case No. 18-CV-1406

WARDEN LIZZIE TEGELS,

        Respondent.

## RECOMMENDATION AND ORDER ON PETITION
## FOR A WRIT OF HABEAS CORPUS

    Dale Leroy James, Jr., who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. James also filed a motion asking the court to stay these proceedings and hold his petition in abeyance so he may exhaust his remedies in state court. (ECF No. 3.)

    Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In 1993, James was convicted of first degree intentional homicide in Milwaukee County Circuit Court. (ECF No. 1 at 2.) In addition to various proceedings in state court, in 2000 James filed a petition for a writ of habeas corpus in this district. *See James v. Berge*, 00-cv-01368-PJG (E.D. Wis.). The Honorable Patricia J. Gorence denied the petition in 2002 (ECF No. 1-1 at 44-52) and also denied several motions for reconsideration. (ECF No. 1-1 at 71-78; 91-96.)

James argues his petition is not a second or successive petition under 28 U.S.C. § 2244 because the three grounds presented in this petition were not ripe at the time of his first petition. (ECF No. 3 at 6-7 (citing *Flores-Ramirez v. Foster*, 811 F.3d 861 (7th Cir. 2016); *United States v. Obeid*, 707 F.3d 898 (7th Cir. 2013)). First, he alleges his constitutional rights were violated when the Wisconsin Court of Appeals dismissed his petition for a writ of habeas corpus on the grounds of laches. Second, the appellate counsel was ineffective for abandoning his appeal instead of filing a no-merit report. Third, his post-conviction counsel was ineffective for failing to allege that appellate counsel was ineffective.

James's claim that appellate counsel was ineffective for not filing a no-merit report was ripe when James filed his first federal petition for a writ of habeas corpus. James even raised this issue in his reply in support of his 1998 motion for post-conviction relief in state court. (ECF No. 1-1 at 3, ¶ 9.) Thus, at least with respect to this

claim, James presents a second petition and therefore must first obtain relief from the Court of Appeals for the Seventh Circuit before he may proceed with his petition.

As for his other two claims, both relate to events occurring long after his first petition and therefore it is plausible they are not barred under 28 U.S.C. § 2244(b)(2). However, neither constitutes a cognizable claim for federal habeas corpus relief.

The state court's conclusion that James waited too long to file his petition for a writ of habeas corpus was based on state law. (ECF No. 1-1 at 38 (citing *State ex rel Smalley v. Morgan*, 211 Wis. 2d 795, 802, 565 N.W.2d 805 (Ct. App. 1997)).) If a state court denies a claim based on state law, the federal court cannot intrude on that conclusion by way of a petition for a writ of habeas corpus. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).

James's claim that his post-conviction counsel was ineffective is not a cognizable habeas claim because there is no right to effective assistance of counsel beyond a first appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600, 610 (1974).

Therefore, the court will recommend that James's petition be dismissed. Because his petition is not properly before this court, the court finds no basis to stay these proceedings and hold the petition in abeyance.

**IT IS THEREFORE ORDERED** that James's Motion for Stay and Abeyance (ECF No. 3) is **denied**.

**IT IS RECOMMENDED** that James's second ground for relief be **dismissed** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b) and that the remainder of his petition be **dismissed** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 13th day of September, 2018.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge